```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

DEMETRIUS NICKENS,                :
                                  :
        Plaintiff,                :
                                  :      CIVIL ACTION
        v.                        :
                                  :      NO. 1:14-CV-01631-TWT-ECS
JARVIS & COHEN, INC., et al.,     :
                                  :
        Defendants.               :

### ORDER TO SHOW CAUSE, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On May 29, 2014, Plaintiff Demetrius Nickens ("Plaintiff"), proceeding pro se, filed the instant action against Defendants, purportedly under the Fair Debt Collection Practices Act, among other claims. [Doc. 1]. This matter is before the Court on Plaintiff's motion, [Doc. 8], to strike the "letter/motion," [Docs. 5, 10], sent to the Court by Robert Marchiano on behalf of Defendants National Check Arbitration and David Marchiano. This matter is also before the Court, sua sponte, for an order directing Plaintiff to show cause why the case should not be dismissed for failure to perfect service.

**A.   Plaintiff's Motion to Strike Letter from Robert Marchiano**

On June 12, 2014, Robert Marchiano, on behalf of Defendant David Marchiano, sent a letter to the Court stating that defendants National Check Arbitration and Mr. Marchiano are erroneously named in this case. See [Docs. 5, 10]. Plaintiff moved to strike the

letter from the record because Robert Marchiano is not a licensed attorney. [Doc. 8]. Because Defendant National Check Arbitration is a corporate entity, it may only act in court proceedings through licensed counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). And a party is generally prohibited from appearing pro se in a representative capacity. See Reshard v. Britt, 839 F.2d 1499, 1499 (11th Cir. 1988) (en banc) (per curiam).

It does not appear that Mr. Marchiano is an attorney admitted to the Bar of this Court or licensed to practice law in Georgia or before this Court. See Attorneys Admitted to the Bar of This Court, United States District Court for the Northern District of Georgia, http://www.gand.uscourts.gov/output/ (last visited Dec. 23, 2014). Therefore, Robert Marchiano may not appear on behalf of either National Check Arbitration or David Marchiano. Accordingly, the undersigned **GRANTS** Plaintiff's motion, [Doc. 8], to strike the letter mailed to the Court by Robert Marchiano on behalf of Defendants David Marchiano and National Check Arbitration. The letter, which appears on the docket at [Doc. 5] and at [Doc. 10], is **HEREBY STRICKEN** from the record. To the extent the letter could be construed as a motion to dismiss, the undersigned **RECOMMENDS** that the motion, [Doc. 10], be **DENIED**.

**B.   Show Cause Order**

On June 6, 2014, Plaintiff filed proof of service of process,

2

declaring that he served the following defendants by certified mail: Shelley Bochicchio, National Check and Arbitration Service, Inc., PDL Ventures, LLC, Red River Ventures, LLC, Pay Day Financial LLC, Jason Samer, and David Marchiano. [Doc. 6].[1] No proof of service has been filed as to Defendants Jarvis & Cohen, Inc., Christopher E. Hess, Investigator Victoria Saloto, Investigator Strong, or the Law Offices of Bailey and Rowe Associates.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service. See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) (citing Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)).[2]

Under the federal rules, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ.

---

[1] Defendants Red River Ventures, LLC, Pay Day Financial LLC, and Martin Webb have been voluntarily dismissed by Plaintiff. [Doc. 12].

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

AO 72A
(Rev.8/82)

P. 4(c)(2). If the defendant is an individual, service may be effected by following state law for service in the state where the federal district court is located or where service is made; by delivering a copy of service to the individual personally; by leaving a copy at the individual's dwelling or place of abode; or by delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(1)-(2). If the defendant is a "corporation, partnership, or association," service may be effected in one of two ways: (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) by following state law for service in the state where the federal district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A)-(B).

In this case, the only evidence of service consists of the certificates Plaintiff filed showing that some of the defendants were served by certified mail. The documents attached to Plaintiff's proof of service indicate that process was mailed to defendants in New York, South Dakota,[3] and Montana. See [Doc. 6]. From this

---

[3] It appears that Plaintiff attempted to serve Red River Ventures, LLC, in Timber Lake, South Dakota. [Doc. 6 at 1, 6]. Because Red River Ventures, LLC, has been terminated from the case, the Court will not address service of process under South Dakota law.

4

document and the summonses issued by the Clerk of Court, see [Doc. 2], it appears that Defendants Ms. Bochicchio, Mr. Marchiano, Mr. Samer, and National Check and Arbitration Service, Inc., were mailed a copy of the summons and complaint to addresses in New York. [Docs. 2, 6]. PDL Ventures, LLC, appears to have been mailed a copy of the summons and complaint to an address in Montana. [Docs. 2, 6].

Service of process by mail is insufficient to satisfy either the federal rules or Georgia law. See Fed. R. Civ. P. 4(e),(h); 12(b)(5); Profit v. Americold Logistics, LLC, No. 1:07-CV-1920-TWT, 2008 WL 1902190, at *2 (N.D. Ga. Apr. 25, 2008) (federal rules and Georgia law both require personal service unless the defendant executes a waiver of service); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) ("[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service."); Madden v. Cleland, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . .") (emphasis in original).

Under Montana law, service of "[a] summons and complaint may

5

not be served by mail to ... [a] corporation, partnership, or other unincorporated association, whether domestic or foreign." Mont. R. Civ. P. 4(d)(3)(B). Therefore, service by mail to Defendant PDL Ventures, LLC, is insufficient under Rule 4.

Under New York law, service of process on an individual or a corporation in New York can be made by mail, but only if a copy of the summons and complaint are sent by first class mail along with two copies of a statement of service by mail, an acknowledgment of receipt in a specific form as dictated by statute, and a postage prepaid return envelope addressed to the sender. N.Y. C.P.L.R. § 312-a. But, "the use of certified instead of first class mail voids the service" under CPLR § 312-a. Buggs v. Ehrnschwender, 968 F.2d 1544, 1549 (2d Cir. 1992); Tecon Oil Servs. Ltd. v. Ogbonyomi, at *2 (N.D. Ga. Oct. 13, 2006) (service by certified mail insufficient under New York law). Accordingly, service by certified mail to Defendants Ms. Bochicchio, Mr. Marchiano, Mr. Samer, and National Check and Arbitration Service, Inc., is also insufficient under Rule 4.

Furthermore, under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good

6

cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, Plaintiff either filed no return of service, or filed a return, or series of returns, that shows service was not made in compliance with Rule 4 within 120 days of the filing of his complaint. Fed. R. Civ. P. 4(m). Accordingly, it is hereby **ORDERED** that Plaintiff show cause in writing within **fourteen (14) days** of entry of this Order why the complaint should not be dismissed pursuant to Rule 4(m), failing which the undersigned will recommend dismissal. The Clerk is **DIRECTED** to submit this show cause order to the undersigned upon the expiration of the fourteen (14) day period if Plaintiff fails to comply.

Additionally, Plaintiff's "Motion for Immediate Discovery," to determine the identities of two alleged investigators employed by the Law Offices of Bailey and Rowe, see [Doc. 11], is **DENIED** subject to re-filing after Plaintiff has satisfied his burden of establishing valid service.

**SO ORDERED, REPORTED and RECOMMENDED** this 30th day of December, 2014.

                                                 s/ *E. Clayton Scofield III*
                                                 E. CLAYTON SCOFIELD III
                                                 UNITED STATES MAGISTRATE JUDGE